By the Court—Bosworth, Ch. J.
The complaint states as a cause of action, that defendants are indebted to plaintiffs in the sum of $115, for printing 250 pamphlets at the request of the defendants.
There is no ground, upon the evidence, for pretending that the defendants ever requested the plaintiffs to do the printing, or authorized any one to make such request in their behalf.
At the trial only four witnesses were examined, viz.: the two plaintiffs and the defendants’ treasurer and president.
The evidence establishes that G. S. Roe had furnished the defendants, from 1849 into September, 1858, with their books, stationery and printing; that they always settled with him therefor; and that in his printed cards he represented himself to be a “ Stationer, Printer and Blank Book Manufacturer.” Early in September, 1858, the defendants’ president ordered Roe to print the 250 pamphlets in question. This was done in the regular course of the business they had had with him during the previous nine years. The pamphlets were furnished to the defendants under this order. The plaintiffs were employed by Roe to do the printing.
Sackett (one of the plaintiffs) testifies, that ten days after the work was done he had an interview with Mr. Bement, the defendants’ treasurer, in relation to it. That about a week afterwards he called again on Bement, and on the day after the second interview, the plaintiffs sent to the defendants a bill for the printing, accompanied by a not e signed by them, which were read in evidence. The bill is dated September 9,1858, (probably on the day the printing was completed, it having been ordered by Roe about the *232 7th of September.) Hence this account and accompanying note were delivered about the 26th or 27th of September. The written note states, that “ the above work was done by us, and we are entitled to the pay for it, which Mr. Eoe, as agent or broker obtaining the order, promised to get from you and bring to us as soon as the work teas done."
All the evidence there is, as to what passed between Eoe and either of the plaintiffs, or as to what Eoe said when he applied to them to do the printing, is in the testimony of Mr. Cobb, (one of the plaintiffs.) He testifies thus: “ Mr. Eoe sent for me and I went to see him; he asked me if I could do the work of printing the pamphlets; I told him I could do it; I told him as soon as it was finished I must have the money ; he said that we should have the money direct from the Eew Haven B. E. Co. That's all that took place betiveen us." In all this, Eoe does not profess to order printing as the agents of the defendants. Eor does it furnish any basis for a pretense that he represented himself as authorized to contract in their behalf, and on their credit.
This contract, and the plaintiffs’ written note before quoted, import that the plaintiffs did the printing, relying on Eoe’s promise to get the money from the defendants and take it to them as soon as the work was done. Such is their written statement of the nature of the transaction, made some fourteen days after the work was done.
The Beferee’s finding that Eoe informed the plaintiffs at the time of ordering the printing, “that it was for the defendants, who would pay cash for the same as soon as it was done,” is not warranted by the evidence; if, thereby, it be meant, that he said he wanted it done on the credit of the defendants, or that they would pay the plaintiffs for doing it. The evidence shows that they relied on his promise to get the money and bring it to them.
The finding that the defendants knew Eoe “had no printing establishment and actually did no printing himself,” is contrary to the evidence. Eo one swears that the defendants had notice to that effect.
*233 Bement swears that he did not know that Roe had not any printing establishment; and he gave nearly every order that was given to Roe for the Company, during their nine years’ business.
Hr. Bulkley, the President, who gave the order in this instance, says he knew Roe as a stationer and printer. He never saw him printing, nor any printing establishment at his place, No 1 Hanover street. There is no other evidence as to notice to the defendants that Roe had no printing establishment, and actually did no printing himself.
The finding that the plaintiffs presented their bill and gave the notice in evidence, within ten days after the printing was done, is in direct conflict with the testimony of Sackett, who swears he presented the bill at the second interview, some seventeen days after the printing was done; and with that of Bement, who swears, in effect, that it was not presented at the first interview, (which was ten days after the printing was done,) but that it was presented at the second interview
The finding that the defendants retained, used and distributed the pamphlets after the bill and notice were presented to them, has no evidence to support it beyond the two facts that the defendants received and distributed the pamphlets; whether they were distributed before or after the notice was given, there is no evidence to show. To support the fact found, it must be deemed just, as an inference, that they would be withheld from distribution some seventeen days. This seems an unnatural inference from the fact that they were published to be distributed.
The Referee’s finding is not in the terms of the issue made by the pleadings. • ■
The evidence given does not justify a finding of such issue in favor of the plaintiffs. It does not support either -of several of the facts specially found.
The judgment must be reversed and a new trial granted, with costs to abide the event.
Ordered accordingly.